IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Helen Faye Gerald[1], <br><br> Plaintiff <br><br> v. <br><br> Olsten[2], <br><br> Defendant. | C/A. No. 4:20-cv-2555-CMC <br><br><br> **Opinion and Order** |

Through this action, Plaintiff Helen Faye Gerald ("Plaintiff"), proceeding *pro se*, alleges employment discrimination against Olsten. ("Defendant").[3] ECF No. 1-2, 22 (supplement). The matter is before the court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 31. After entry of a *Roseboro* Order, Plaintiff filed a response in opposition. ECF Nos. 33, 35. Defendant filed a reply, ECF No. 36, and Plaintiff filed a sur reply, ECF No. 38.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On February 9, 2021, the Magistrate

---

[1] Plaintiff identifies herself in her Complaint as "Helen Faye Gerald."

[2] Defendant notes its proper name is Olsten Staffing Services Corporation. ECF No. 31 at 1.

[3] In her "Proper Form Complaint," filed July 8, 2020, Plaintiff lists additional people as "Defendant No. 2" and "Defendant No. 3" – "Chris McCoy" and "Joseph," respectively. ECF No. 1-2 at 2. No further information is given about these individuals, and the remainder of the Proper Form Complaint does not mention them. Plaintiff did not include a proposed summons for either and therefore they were never served, the Magistrate Judge did not include them in the Report, and Plaintiff did not object. The court therefore finds Chris McCoy and Joseph are not defendants in this case.

Judge issued a Report recommending Defendant's motion to dismiss be granted and the case be dismissed as untimely. ECF No. 47. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On February 25, 2021, Plaintiff filed objections to the Report. ECF No. 50. Defendant filed a reply on March 11, 2021. ECF No. 51. This matter is now ripe for resolution.

## I.  Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  Discussion

The Magistrate Judge recommends dismissing Plaintiff's claims of discrimination for failure to exhaust administrative remedies and/or as untimely. ECF No. 47. The Report found Plaintiff failed to timely file a Charge with the Equal Employment Opportunity Commission ("EEOC") or the South Carolina Human Affairs Commission ("SCHAC") within 300 days of the alleged unlawful employment practice as required by Title VII, and therefore did not exhaust

administrative remedies.[4] The Magistrate Judge recommended finding the Intake Questionnaire Plaintiff submitted to the EEOC within the 300-day period could not suffice as a Charge sufficient to satisfy the administrative requirement, and that the actual Charge was untimely. This untimely filing should not be excused, the Report reasoned, due to Plaintiff's purported reasons of a federal government shutdown in December 2018 and January 2019. Further, the Report concluded Plaintiff failed to timely file her Complaint in this court after receiving her Right to Sue ("RTS") letter from the EEOC, and this failure cannot be excused by Plaintiff's generalized argument regarding the pandemic.

Plaintiff objects to the Report, arguing she had 300 days from the alleged conduct to make a report, and she "was within the 300 days." ECF No. 50 at 1. She contends she "followed the correct procedures" and therefore "the timing is good as well." *Id.* She states the Charge of discrimination was signed and dated on December 1, 2019, not March 1, 2019, and that the "EEOC did not throw in consideration that the COVID 19 had been in my claim period," but should have had "sympathy on how this pandemic had the economy completely shut down." *Id.* She argues "defendant claims the plaintiff had given an email from Mr. Terry Obrien, the EEOC officer; the plaintiff did no such thing. In fact, nothing the plaintiff has the date of March 1, 2019." *Id.*

Defendant replied to Plaintiff's objections, arguing Plaintiff failed to timely file an EEOC Charge and that the Intake Questionnaire, though timely, did not contain sufficient information to constitute a Charge. ECF No. 51. Second, Defendant contends Plaintiff did not timely file her District Court Complaint within 90 days of receiving the RTS notice from the EEOC, and did not

---

[4] As thoroughly discussed by the Magistrate Judge, there is a 180-day limitations period to file a charge with the EEOC, that can be extended to 300 days in a "deferral state." Even assuming South Carolina is a deferral state, Plaintiff's Charge was filed outside the 300-day period.

show any particular circumstance stemming from the pandemic that caused this failure. It argues Plaintiff's "vague references to the COVID-19 pandemic are insufficient to support any argument for equitable tolling." *Id.* at 4.

    *a. Charge of Discrimination*

The court agrees with the Magistrate Judge the Charge of discrimination filed with the EEOC was untimely. The latest date of discrimination Plaintiff alleges was April 24, 2018. ECF No. 22 at 2. Although Plaintiff argues her Intake Questionnaire filed in October 2018 suffices and fulfills the requirement the Charge be filed within 300 days, it is clear this Questionnaire did not contain sufficient information to put the correct employer on notice of such a claim. See ECF No. 35-2. She provided no information about her claim other than checking a box marked "sex" for discrimination, and left blank the question "what happened to you that you believe was discriminatory?" *Id.* at 3. Further, she named her "employment agency" as "Olsten Staffing" but did not include any further information about location or number of employees– the section for "Organization Name" and identifying information was also left blank. *Id.* at 2. Under *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) this is insufficient to construe as a Charge under 29 C.F.R. § 1626.8, as it lacks her employer's address, phone number, and number of employees, and contains no further information regarding the nature of the alleged discrimination.

Plaintiff did not sign her Charge of discrimination until December 1, 2019, despite an email from an EEOC investigator attaching draft Charges for Plaintiff to review, sign, date, and return on March 1, 2019.[5] Plaintiff appears to claim in her Objections she did not receive this email,

---

[5] Plaintiff submitted this email in a related case, *Gerald v. Mann & Hummel*, 4:20-2556, ECF No. 34-6. As noted by the Magistrate Judge, the court may take judicial notice of filings in other matters.

stating "nothing the plaintiff has [*sic*] the date of March 1, 2019." ECF No. 50 at 1. However, Plaintiff herself submitted this email with her opposition to the motion to dismiss in her related case, and it appears from the header on this email as submitted to the court it was produced from Plaintiff's email, as the header reads gerald.helen@yahoo.com - Yahoo Mail. Case No. 4:20-2556, ECF No. 34-6 at 1. This belies Plaintiff's argument she was unaware or did not receive the March 1, 2019 communication, and she gives no reason why she did not return the signed Charge until December 2019, well after the 300-day period had expired.

Further, it does not appear there are any reasons for the application of equitable tolling or other equitable doctrine. The court agrees with the Magistrate Judge had Plaintiff quickly submitted the Charge after it was emailed to her in March 2019, although technically untimely, the court may have considered this an appropriate exercise of equitable tolling, based on the delay by the EEOC that could have been partially caused by the government shutdown in December 2018/January 2019. However, Plaintiff provides no reason for the nine-month delay between receiving the draft and filing the Charge. The court therefore finds the Charge of discrimination untimely filed beyond the 300-day limitations period.

   b. *Filing of Complaint*

Even if Plaintiff's EEOC charge had been timely filed, however, she failed to timely file her Complaint in this court. Her Complaint was due to be filed within 90 days after the EEOC's notice, via the RTS letter, that it was dismissing her administrative claim. This is a separate timing requirement from the filing of the Charge. Plaintiff indicates the EEOC issued the RTS letter on February 11, 2020 but does not state when she received it; therefore, Plaintiff is presumed to have received the RTS letter by February 14, 2020, pursuant to the three-day presumption. However, she did not file her Complaint until July 8, 2020 – well outside the 90-day limit. The Magistrate

Judge noted Plaintiff did not address this assertion of untimeliness in her response to the motion to dismiss; nor she does not provide any reason in her Objections beyond a vague reference to the COVID-19 pandemic.  It is true Plaintiff received her RTS letter just before the pandemic hit the United States and shut down the economy across the country.  However, essential services remained open, and this court in particular ensured prospective plaintiffs and current litigants retained the ability to file documents as needed via a drop box.

Plaintiff provides no further specific information regarding the impact of the COVID-19 pandemic on her ability to file her Complaint, such as personal illness during the time period before she filed.  The court agrees a generalized reference to the pandemic, without more, cannot excuse a filing outside the deadline.  As Plaintiff has not come forward with any "circumstances of individualized hardship," equitable tolling of the 90-day period does not apply.  Plaintiff's Complaint was therefore untimely.

## III.    Conclusion

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendants' reply, the court adopts the Report.  Both Plaintiff's EEOC charge and District Court Complaint were filed outside the respective statutes of limitations, and Plaintiff has failed to raise adequate reasons for application of equitable tolling. Defendant's motion to dismiss is granted, and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 15, 2021